IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.   NO. 1:22-CR-77

TOSHEMIE WILSON

### ORDER

On January 12, 2023, James R. Franks, Jr., and William R. Wheeler, Jr., of the Wheeler & Franks Law Firm, P.C., filed a motion to withdraw from representing Toshemie Wilson or, in the alternative, to continue the February 6, 2023, trial date. Doc. #51. As cause, Franks and Wheeler represent:

> [A] plea agreement had been reached between the government and [Wilson]; the plea agreement was reduced to writing and provided to [them]. On Wednesday, January 11, 2023, [they] met [Wilson], and at that time, [Wilson] refused to execute the plea agreement.
>
> Additionally, … on January 11, 2023, Toshemie Wilson informed [them] that he wishes to cease their representation and seek alternate counsel. Under the direction of [Wilson], an *Agreed Order Allowing Counsel to Withdraw as Attorney of Record for Defendant, Toshemie Wilson* was drafted, presented to [Wilson] and [Wilson] executed same. …
>
> … [I]rreconcilable differences exist between [them] and Toshemie Wilson making it impossible to effectively represent Toshemie Wilson in this matter.

*Id.* at PageID 170, 171. The referenced agreed order, which is attached as an exhibit to the motion, appears to bear Wilson's signature, as well as the signatures of defense counsel. *See* Doc. #51-1. The motion's certificate of service states that a copy of the motion was "hand-delivered to Toshemie Wilson at the Lafayette County Detention Center." Doc. #51 at PageID 173.

Local Criminal Rule 44.1 provides that the "[a]dmission and conduct of attorneys in criminal cases shall be governed by Rule 83.1 of *The Uniform Local Civil Rules*." Local Civil Rule 83.1 provides:

> When an attorney enters an appearance in a civil action, he or she must remain as counsel of record until released by formal order of the court. An attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all parties, including the client and presented to the judicial officer to whom the case is assigned, together with a proposed order authorizing counsel's withdrawal.

L.U. Civ. R. 83.1(b)(3). Based on the certificate of service's statement that a copy of the motion was hand-delivered to Wilson, Franks and Wheeler satisfied the notice requirement. And based on Wilson's signature on the agreed order, Wilson does not challenge the motion's representations regarding the status of his relationship with Franks and Wheeler. Accordingly:

1. The motion to withdraw [51] is **CONDITIONALLY GRANTED**. Franks and Wheeler are **DIRECTED** to serve on Wilson a copy of this order and file with the Court a certificate of service stating the date of service on Wilson. Once such certificate of service is filed, James R. Franks, Jr., and William R. Wheeler, Jr., of the Wheeler & Franks Law Firm, P.C., are **WITHDRAWN** as counsel for Wilson and are released from any obligation to further represent Wilson in this case.

2. Within thirty (30) days of Franks and Wheeler's filing of the certificate of service as directed above, Wilson must retain new counsel or notify the Court that he wishes the Court to appoint him counsel. If Wilson chooses to have counsel appointed, he must complete and return a financial affidavit.

**SO ORDERED**, this 13th day of January, 2023.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**